Melissa Owens (WSB 6-3292)
Owens Law Office, LLC
320 East Broadway, Suite 2C
P.O. Box 1090
Jackson, Wyoming 83001
(307) 733-4930- Telephone
(307) 733-4936- Facsimile
melissa@tetonlawyer.com
*Attorney for Plaintiff*

FILED

NOV 25 2014

CIRCUIT COURT
9th JUDICIAL DISTRICT
TETON COUNTY WYOMING

## IN THE CIRCUIT COURT OF TETON COUNTY, WYOMING

### NINTH JUDICIAL DISTRICT

| | |
|---|---|
| Uptown Industries, Inc.<br>    dba Blue Sky Services | ) )<br>) |
| Plaintiff, | ) )<br>) |
| vs. | )  CV-2014-279<br>) |
| John Paul Boerschig, individually and<br>JPB Rental Homes, LLC | ) )<br>) )<br>) |
| Defendants. | ) )<br>) |

---

### AMENDED COMPLAINT

---

COMES NOW, Uptown Industries, Inc., a Wyoming Corporation (hereinafter "Plaintiff"), by and through its undersigned Counsel, and for its Amended Complaint against Defendants, John Paul Boerschig, individually, (hereinafter "Defendant Boerschig"); and JPB Rental Homes, LLC (hereinafter "Defendant JPB") (hereinafter collectively referred to as "Defendants"), states and alleges as follows:

### NATURE OF ACTION

1. Plaintiff suffered damages as a result of Defendants' breach of contract and in the alternative, unjust enrichment, for which Plaintiff now seeks relief.

### JURISDICTION AND VENUE

2. Jurisdiction and venue are proper because the acts or omissions of Defendants occurred in Teton County, Wyoming, and the amounts in controversy are within the jurisdictional limit provided for Wyoming Circuit Court Jurisdiction.



DEFENDANT'S
EXHIBIT
B

## PARTIES AND SUBJECT OF LITIGATION

3. Plaintiff Uptown Industries, Inc. dba Blue Sky Services and Restoration is a Wyoming Corporation in good standing with its principal place of business at 1405 Gregory Lane, #4, Jackson, Wyoming 83001.

4. Defendant Boerschig is Texas resident and a homeowner in Teton County, Wyoming located at 21765 Buffalo Valley Road.

5. Defendant Boerschig entered into contracts for services in Teton County, Wyoming with Plaintiff.

6. Defendant JPB owns real property in Teton County, Wyoming located at and 22240 Buffalo Valley Road and 22250 Buffalo Valley Road.

7. Defendant JPB is a Wyoming LLC transacting business in Teton County, Wyoming with a principal address of 4320 Katy Hockley Road, Katy, Texas.

8. Defendant JPB is the record owner of the properties located at 22240 Buffalo Valley Road and 22250 Buffalo Valley Road.

## BACKGROUND FACTS

9. On or about March 11, 2013, Plaintiff entered into a written contract in the form of a *Remediation Service Agreement* with Defendant Boerschig for services, materials and improvements to his property located at 21765 Buffalo Valley Road (hereinafter the "Cabin") (see *Remediation Service Agreement* attached hereto as Exhibit 1).

10. From or about March 11, 2013 through November 30, 2013 Plaintiff and Defendants entered into a series of oral contracts for additional services, materials and improvements to Defendants' properties located at 21765 Buffalo Valley Road (hereinafter the "Cabin") and 222400 Buffalo Valley Road and 22250 Buffalo Valley Road (hereinafter "Diamond D") (collectively the "Properties") in Teton County, Wyoming under the terms of the original contract.

11.   At different times during the existence and performance of the contracts, Defendant Boerschig sent letters regarding the contracts to the Plaintiff on various letterheads, but was acting as an individual.

12.   Upon information and belief, Plaintiff performed the services requested by Defendants under both their written and oral contracts for the Cabin and Diamond D properties. Plaintiff has paid for some of the work performed and failed to pay for the remainder of the work performed at Defendants' request. In November 2013, Plaintiff ceased all work for Defendants for non-payment as a failure to perform under the above referenced contracts.

13.   The following is a list of invoices for services provided, work performed and improvements made to the Cabin located at 21765 Buffalo Valley Road which was not paid for according to the terms of the Parties agreements:

| Invoice Number | Amount Due | Invoice Date | Description of Services Performed |
| --- | --- | --- | --- |
| 1) 1232196 | $4,251.33 | 7/26/13 | Initial Mold Remediation |
| 2) 1232393 | $966.48 | 9/10/2013 | Tub Shower Combo |
| 3) 1232392 | $3,697.45 | 9/10/2013 | Flooring Upgrade |
| 4) 1232391 | $240.00 | 9/10/2013 | Pest Control |
| 5) 1232387 | $12,390.12 | 9/10/2013 | Additional Paneling |
| 6) 1232386 | $3,502.80 | 9/10/2013 | Window and Exterior Trim |
| 7) 1232385 | $3,729.55 | 9/10/2013 | New Steps to Front Deck |
| 8) 1232358 | $1,683.02 | 9/10/2013 | Water Shutoff |
| 9) 1232285 | $2,236.76* | 9/10/2013 | Roofing Repairs |
| 10) 1232389 | $382.33* | 9/10/2013 | Crawlspace Heat at Cabin |
| 11) 1232394 | $4,000.00 | 11/22/2013 | Insurance Deductible |

Total Amount Due: $37,079.84

Defendants attempted to circumvent paying Plaintiff for its general contractor fees and paid some subcontractors directly, therefore any amount marked with an asterisk above reflects Defendants' balance with Plaintiff after paying subcontractors directly in order to avoid paying Plaintiff the amounts owed under the contracts.

14.   The following is a list of invoices for services provided, work performed and improvements made to Defendants Diamond D property located at 22240 Buffalo

Valley Road and 22250 Buffalo Valley Road which was not paid for according to the terms of the Parties agreements:

| Invoice Number | Amount Due | Invoice Date | Description of Services Performed |
|---|---|---|---|
| 1) 1232388 | $1,568.40 | 9/10/2013 | Trash from Diamond D |
| 2) 1232359 | $176.83* | 11/4/2013 | Crawlspace Heat at Diamond D |

Defendants attempted to circumvent paying Plaintiff for its general contractor fees and paid some subcontractors directly, therefore any amount marked with an asterisk above reflects Defendants' balance with Plaintiff after paying subcontractors directly in order to avoid paying Plaintiff the amounts owed under the contracts.

## COUNT 1 – BREACH OF CONTRACT AGAINST DEFENDANT BOERSCHIG

15. Plaintiff incorporates all of the previous allegations by this reference.

16. On or about March 11, 2013, Plaintiff entered into a written contract in the form of a *Remediation Service Agreement* with Defendant Boerschig for services, materials and improvements to his property located at 21765 Buffalo Valley Road (hereinafter the "Cabin") (see *Remediation Service Agreement*).

17. From or about March 11, 2013 through November 30, 2013 Plaintiff and Defendants entered into a series of oral contracts for additional services, materials and improvements to Defendants' properties located at 21765 Buffalo Valley Road (hereinafter the "Cabin") and 22240 Buffalo Valley Road and 22250 Buffalo Valley Road (hereinafter "Diamond D") (collectively the "Properties") in Teton County, Wyoming under the terms of the original contract.

18. In accord with the provisions of said agreements, Plaintiff provided services and materials to Defendant.

19. The following is a list of invoices for services provided, work performed and improvements made to the Cabin located at 21765 Buffalo Valley Road which was not paid for according to the terms of the Parties agreements:

| Invoice Number | Amount Due | Invoice Date | Description of Services Performed |
|---|---|---|---|
| 1) 1232196 | $4,251.33 | 7/26/13 | Initial Mold Remediation |
| 2) 1232393 | $966.48 | 9/10/2013 | Tub Shower Combo |
| 3) 1232392 | $3,697.45 | 9/10/2013 | Flooring Upgrade |
| 4) 1232391 | $240.00 | 9/10/2013 | Pest Control |
| 5) 1232387 | $12,390.12 | 9/10/2013 | Additional Paneling |
| 6) 1232386 | $3,502.80 | 9/10/2013 | Window and Exterior Trim |
| 7) 1232385 | $3,729.55 | 9/10/2013 | New Steps to Front Deck |
| 8) 1232358 | $1,683.02 | 9/10/2013 | Water Shutoff |
| 9) 1232285 | $2,236.76* | 9/10/2013 | Roofing Repairs |
| 10) 1232389 | $382.33* | 9/10/2013 | Crawlspace Heat at Cabin |
| 11) 1232394 | $4,000.00 | 11/22/2013 | Insurance Deductible |

Total Amount Due: $37,079.84

Defendants attempted to circumvent paying Plaintiff for its general contractor fees and paid some subcontractors directly, therefore any amount marked with an asterisk above reflects Defendants' balance with Plaintiff after paying sub-contractors directly in order to avoid paying Plaintiff the amounts owed under the contracts.

20.  The following is a list of invoices for services provided, work performed and improvements made to Diamond D located at 22240 Buffalo Valley Road and 22250 Buffalo Valley Road which was not paid for according to the terms of the Parties' agreements:

| Invoice Number | Amount Due | Invoice Date | Description of Services Performed |
|---|---|---|---|
| 1) 1232388 | $1,568.40 | 9/10/2013 | Trash from Diamond D |
| 2) 1232359 | $176.83* | 11/4/2013 | Crawlspace Heat at Diamond D |

Defendants attempted to circumvent paying Plaintiff for its general contractor fees and paid some subcontractors directly, therefore any amount marked with an asterisk above reflects Defendants' balance with Plaintiff after paying sub-contractors directly in order to avoid paying Plaintiff the amounts owed under the contracts.

21. Defendant Boerschig failed to pay the balance of the total amounts invoiced as agreed to in the Remediation Service Agreement plus 18% interest per annum, costs and attorney's fees and per the parties oral contracts.

22. On or about November 15, 2013, Plaintiff ceased work on the Properties for Defendants' failure to make payments as required by the contracts.

23. Plaintiff has been damaged as a result of Defendant Boerschig's refusal to pay the sums owed to Plaintiff in an amount to be proven at trial.

## COUNT 2 - UNJUST ENRICHMENT AGAINST DEFENDANT BOERSCHIG

24. Plaintiff incorporates all of the previous allegations by this reference.

25. Plaintiff delivered valuable services, materials and improvements to the Defendant Boershcig based upon the agreement that Defendant Boerschig would pay for said services, materials and improvements.

26. These services, materials and improvements to Defendant Boerschig's Properties were accepted, used, and enjoyed by Defendant Boerschig.

27. The following is a list of invoices for services provided, work performed and improvements made to the Cabin located at 21765 Buffalo Valley Road which was not paid for by Defendants:

| Invoice Number | Amount Due | Invoice Date | Description of Services Performed |
|---|---|---|---|
| 1) 1232196 | $4,251.33 | 7/26/13 | Initial Mold Remediation |
| 2) 1232393 | $966.48 | 9/10/2013 | Tub Shower Combo |
| 3) 1232392 | $3,697.45 | 9/10/2013 | Flooring Upgrade |
| 4) 1232391 | $240.00 | 9/10/2013 | Pest Control |
| 5) 1232387 | $12,390.12 | 9/10/2013 | Additional Paneling |
| 6) 1232386 | $3,502.80 | 9/10/2013 | Window and Exterior Trim |
| 7) 1232385 | $3,729.55 | 9/10/2013 | New Steps to Front Deck |
| 8) 1232358 | $1,683.02 | 9/10/2013 | Water Shutoff |
| 9) 1232285 | $2,236.76* | 9/10/2013 | Roofing Repairs |
| 10) 1232389 | $382.33* | 9/10/2013 | Crawlspace Heat at Cabin |
| 11) 1232394 | $4,000.00 | 11/22/2013 | Insurance Deductible |

Total Amount Due: $37,079.84

Defendants attempted to circumvent paying Plaintiff for its general contractor fees and paid some subcontractors directly, therefore any amount marked with an

asterisk above reflects Defendants balance with Plaintiff after paying sub-contractors directly in order to avoid paying Plaintiff the amounts owed under the contracts.

28.     The following is a list of invoices for services provided, work performed and improvements made to Diamond D located at 22240 Buffalo Valley Road and 22250 Buffalo Valley Road which was not paid by Defendants:

| Invoice Number | Amount Due | Invoice Date | Description of Services Performed |
|---|---|---|---|
| 1) 1232388 | $1,568.40 | 9/10/2013 | Trash from Diamond D |
| 2) 1232359 | $176.83* | 11/4/2013 | Crawlspace Heat at Diamond D |

Defendants attempted to circumvent paying Plaintiff for its general contractor fees and paid some subcontractors directly, therefore any amount marked with an asterisk above reflects Defendants' balance after paying sub-contractors directly in order to avoid paying Plaintiff the amounts owed under the contracts.

29.     Plaintiff reasonably expected that Defendant Boerschig would fulfill his promise that if Plaintiff delivered services, materials and improvements to Defendant Boerschig, he would pay for said services, materials and improvements as he had done previously.

30.     As a result, Defendant Boerschig has been unjustly enriched due to his failure to pay the sums owed to Plaintiff.

31.     Plaintiff has been damaged as a result of Defendant Boerschig's refusal to pay the sums owed to Plaintiff in an amount to be proven at trial.

**COUNT 3- BREACH OF CONTRACT AGAINST DEFENDANT JPB**

32.     Plaintiff incorporates all of the previous allegations by this reference.

33.     On or about March 11, 2013, Plaintiff entered into a written contract in the form of a *Remediation Service Agreement* with Defendant Boerschig for services, materials and improvements to his property located at 21765 Buffalo Valley Road (hereinafter the "Cabin") (see *Remediation Service Agreement*).

34.    From or about March 11, 2013 through November 30, 2013 Plaintiff and
Defendants entered into a series of oral contracts for additional services, materials
and improvements to Defendants' properties located at 21765 Buffalo Valley Road
(hereinafter the "Cabin") and 22240 Buffalo Valley Road and 22250 Buffalo Valley
Road (hereinafter "Diamond D") (collectively the "Properties") in Teton County,
Wyoming under the terms of the original contract.

35.    In accord with the provisions of said agreements, Plaintiff provided services and
materials to Defendants.

36.    The following is a list of invoices for services provided, work performed and
improvements made to Diamond D located at 22240 Buffalo Valley Road and
22250 Buffalo Valley Road which was not paid for according to the terms of the
Parties' contracts:

| Invoice Number | Amount Due | Invoice Date | Description of Services Performed |
|---|---|---|---|
| 1) 1232388 | $1,568.40 | 9/10/2013 | Trash from Diamond D |
| 2) 1232359 | $176.83* | 11/4/2013 | Crawlspace Heat at Diamond D |

Defendants attempted to circumvent paying Plaintiff for its general contractor fees
and paid some subcontractors directly, therefore any amount marked with an
asterisk above reflects Defendants balance with Plaintiff after paying sub-
contractors directly in order to avoid paying Plaintiff the amounts owed under the
contracts.

37.    Defendant Boerschig disregarded the corporate form by contracting with Plaintiff
individually despite the property being titled in the name of Defendant JPB.

38.    Defendants failed to pay the balance of the total amounts invoiced as agreed to in
the Remediation Service Agreement plus 18% interest per annum, costs and
attorney's fees and monies owed per the parties' contracts.

39.    On or about November 15, 2013, Plaintiff ceased work on the Properties for
Defendants' failure to make payments as required by the contracts.

40.　Plaintiff has been damaged as a result of Defendants refusal to pay the sums owed to Plaintiff in an amount to be proven at trial.

**COUNT 4- UNJUST ENRICHMENT AGAINST DEFENDANT JPB**

41.　Plaintiff incorporates all of the previous allegations by this reference.

42.　Plaintiff delivered valuable services, materials and improvements to the Defendant JPB based upon the agreement that Defendant JPB would pay for said services, materials and improvements.

43.　These services, materials and improvements to Defendant JPB's properties were accepted, used, and enjoyed by Defendant JPB.

44.　The following is a list of invoices for services provided, work performed and improvements made to Diamond D located at 22240 Buffalo Valley Road and 22250 Buffalo Valley Road which was not paid for by Defendants:

| Invoice Number | Amount Due | Invoice Date | Description of Services Performed |
|---|---|---|---|
| 1) 1232388 | $1,568.40 | 9/10/2013 | Trash from Diamond D |
| 2) 1232359 | $176.83* | 11/4/2013 | Crawlspace Heat at Diamond D |

Defendants attempted to circumvent paying Plaintiff for its general contractor fees and paid some subcontractors directly, therefore any amount marked with an asterisk above reflects Defendants' balance with Plaintiff after paying subcontractors directly in order to avoid paying Plaintiff the amounts owed under the contracts.

45.　Defendant Boerschig disregarded the corporate form by contracting with Plaintiff individually despite the property being titled in the name of Defendant JPB.

46.　Plaintiff reasonably expected that Defendants would fulfill its promises that if Plaintiff delivered services, materials and improvements to Defendants it would pay for said services, materials and improvements as it had done previously.

47.　As a result, Defendants have been unjustly enriched due to their failure to pay the sums owed to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court order:

1.   That Defendant Borershcig pay damages for breach of contract in amounts to be determined at trial;

2.   In the alternative, that Defendant Boerschig pay for the full value of goods it owes to Plaintiff on the basis of unjust enrichment;

3.   In the alternative, that Defendant JPB pay damages for breach of contract in amounts to be determined at trial;

4.   In the alternative, that Defendant JPB pay for the full value of goods it owes to Plaintiff on the basis of unjust enrichment;

5.   That Defendant Boerschig disregarded the corporate form and is liable for all damages, costs and other relief allowed under the contract and by law that Defendant JPB would be responsible for under the contract and law;

6.   That Defendants pay all reasonable costs associated with this action and such other and further relief as allowed by Wyoming law;

7.   That Defendants pay interest at a rate of 18% per annum as agreed to in the Remediation Service Agreement and therefore, per the oral contracts which were entered into under the terms of the original written contract;

8.   In the alternative, Defendants pay statutory interest to be determined at trial.

9.   That Defendants pay Plaintiff's attorney's fees as part of the written contract between the parties, as well as the oral contracts between the parties which were entered into under the terms of the original written contract.


Dated this _25th_ day of November, 2014.


Melissa M. Owens
WSB # 6-3292
Owens Law Office, PC
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that on the 25 day of November, 2014 I served a copy of the foregoing document by mailing a true and correct copy thereof by United States mail, postage prepaid, addressed as follows:

Mark D. Sullivan
Mark D. Sullivan, P.C.
5237 HHR Ranch Road
Wilson, Wyoming 83014

Hope McKenzie

### Remediation Service Agreement

This Agreement by and between Blue Sky Services and Restoration (Contractor), having its place of business in Jackson, WY, and John Boerschig (Owner), is effective on Monday, March 11, 2013.

In consideration of the mutual terms and conditions herein contained, the parties agree as follows:

1. This Agreement is binding upon both parties upon full signing hereof. The term of agreement commences on the effective date and runs for the duration of such services unless canceled in writing by either party within thirty days.

2. Contractor represents and warrants that its performance under this Agreement will conform to the highest professional and ethical standards. All work will be performed in a workmanlike and timely manner.

3. Owner agrees to pay Blue Sky for services rendered the amount set forth below within 5 business days of receipt of an invoice from Blue Sky. Owner agrees to pay all court costs and recovery fees in the event of default of the agreed terms. All outstanding amounts are subject to 1.5% interest per month in the event of late payment.

4. Any changes to this Agreement may be agreed upon by mutual consent of both parties in writing.

Terms: John Boerschig is the Owner of real property located at 21765 Buffalo Valley Road, Wyoming. ·

As consideration for the services and materials to be provided by the Contractor, the Owner promises to pay reasonable and customary charges for services and materials and equipment, as will be invoiced 50% immediately and every 2 weeks in progress and a final invoice upon completion of the work. Reasonable and customary charges include the costs of services and materials as per the Contractor's estimate, plus change orders as agreed to verbally or in writing. The Total for Remediation as per the attached estimate is $39,196.75. Invoices are due within 5 business days of receipt of invoice. 50% is due immediately in the amount of $19,598.38. The Owner affirmatively represents that the damage-causing event is fully covered by the Owner's property insurance policy, or, if the event is not fully covered (e.g., a deductible amount or no insurance), that the Owner has available funds to promptly pay the Contractor for services and materials and equipment provided. If payment is not received in full within thirty days after completion of the work, the Owner agrees to pay interest at the rate of 18% per annum, and collection costs including a reasonable attorney fee. The Owner authorizes the Contractor to investigate the Owner's credit history and to make all inquiries it deems necessary to determine the Owner's credit worthiness.

The Contractor shall proceed with reasonable diligence to provide services and materials and equipment and complete the work, subject to unforeseeable delays including any act, interference, or change requested by the Owner, by weather conditions, by material or equipment shortages, or by an act of God. The Contractor represents that its employees and subcontractors are trained to provide high quality restoration services and materials in a workmanlike manner. The Contractor provides the Owner with a limited warranty against hidden latent defect in workmanship for a period of one year from completion of the work upon real property. Any manufacturer's warranty for new materials must be honored through the manufacturer. Claims for open patent defects in workmanship or materials, or for damaged or lost property must be made within seven days after the completion of the work.

THIS DOCUMENT HAS IMPORTANT LEGAL CONSEQUENCES: DO NOT SIGN BEFORE READING ENTIRE CONTENTS.

In witness whereof, the parties have executed this agreement on the day and year set forth below.

Owner_____ Contractor_____

Date_____ 03/13/13      Date_____

EXHIBIT